**Luz VARELA, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

No. 1173, Docket 83–6001.

United States Court of Appeals,
Second Circuit.

Argued Feb. 22, 1983.

Decided June 23, 1983.

Arthur J. Aronson, New York City (Kraver & Martin, New York City, of counsel), for plaintiff-appellant.

Beryl R. Jones, Asst. U.S. Atty., E.D. N.Y., New York City (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Miles M. Tepper, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before FRIENDLY, WINTER, and PRATT, Circuit Judges.

PER CURIAM:

Luz Varela appeals from a judgment of the United States District Court for the Eastern District of New York, Bramwell, *Judge,* entered October 29, 1982, which affirmed the Secretary's denial of her application for social security disability benefits. The court found there was substantial evidence to support the ALJ's finding that appellant is not disabled either by the deformity of and repetitive surgery on her left foot, or by a related depression-anxiety reaction. On this record, we cannot agree.

Appellant, a 48-year-old Colombian-born woman with a twelfth-grade education, worked for thirteen years as a keypunch operator in a bank. For nearly two years prior to her December 27, 1979 application for disability insurance benefits, she complained of pain and swelling in her left foot. She was admitted April 11, 1979 to The Parkway Hospital where she was diagnosed as suffering from hallux rigidus of the left foot, and underwent surgery for the removal of a benign bone growth on her big toe. On September 5, 1979, the entire metatarsophalangeal joint in her left foot was replaced with an artificial joint. On June 16, 1980, she underwent a third operation to lengthen the second extensor tendon in her left foot. Despite this repeated surgery, appellant testified she is able to walk only short distances, is in almost constant pain from her foot, is incapable of performing even routine household chores, and has not returned to work since her first operation. She also claims she is disabled by a depression-anxiety reaction to her foot condition.

On December 27, 1979, appellant filed an application for benefits, claiming disability as of March 29, 1979. The Secretary denied appellant's request initially and on reconsideration. Following a hearing held on October 16, 1980, the ALJ found on July 10, 1981 that the repeated surgery on her foot and her depression-anxiety reaction to that condition did not prevent her from returning to work as a keypunch operator, or from per-

forming other "work-related functions except for work involving more than minimal walking." He also found that appellant's emotional condition was not a severe impairment, and concluded that appellant was not disabled within the meaning of the act.

Factual findings made by an administrative law judge in support of his decision are conclusive if they are supported by "substantial evidence." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981); *Eiden v. Secretary of H.E.W.,* 616 F.2d 63, 64 (2d Cir.1980). In *Berry v. Schweiker,* 675 F.2d 464, 466–67 (2d Cir.1982), we outlined the five-step analysis prescribed by the regulations to determine eligibility for disability benefits. As relevant to the findings challenged on this appeal, appellant must prove she suffers from a serious impairment and lacks the residual capacity to perform her past work. *Id.*

The uncontradicted orthopedic medical evidence here establishes that appellant is seriously impaired by her foot condition. She cannot stand on her left foot, is in almost constant pain, and has great difficulty walking even short distances.

To show that she is unable to return to her previous work, plaintiff submitted prior to the hearing the medical reports of three doctors, each of whom found plaintiff was disabled by her foot impairment. Dr. Ernesto Seldman, who treated plaintiff prior to her initial surgery in April 1979, concluded in a report dated September 1979 that appellant was disabled as of March 1979, and was "not [yet] in a condition to return to work." Dr. Harvey Strauss, who examined appellant following her first operation, found in a report dated September 16, 1980 that appellant "cannot wear shoes", "is unable to bear weight", and is "totally disabled and unfit for gainful employment." Dr. Murray Braaf concluded on October 14, 1980 that appellant was "evidently totally disabled on a permanent basis, preventing her from pursuing any gainful employment."

The ALJ apparently found these reports unconvincing in light of his own observations of appellant's foot condition. He requested an additional examination by Dr. Irving Mauer, who submitted a report to the ALJ followed by separate responses to the ALJ's interrogatories. Dr. Mauer's report concluded that appellant "will have no difficulty in fine or gross digital manipulation or sitting for any length of time, will have difficulty standing or walking." Dr. Mauer found that appellant could sit eight hours, stand two hours, lift and carry over 50 pounds, and bend and climb frequently, but walk "0" hours.

In response to the ALJ's interrogatory seeking clarification of appellant's ability to walk, Dr. Mauer indicated on February 5, 1981 that appellant could walk one to two blocks with a cane. The ALJ then asked for additional clarification, and in response to his April 6, 1981 interrogatory, "How long would the claimant need to stop and rest before resuming walking [following a one to two block walk]?" Dr. Mauer responded on June 19, 1981, "15–20 min". On July 2, 1981, in response to an identical interrogatory, Dr. Mauer inconsistently responded "15 min–1 hr."

Based largely on Dr. Mauer's report and answers to interrogatories, the ALJ affirmed the denial of appellant's application for benefits. The ALJ found that appellant can walk with a cane and use public transportation, and "has the residual functional capacity to sit eight hours a day, stand several hours, walk two blocks," and "bend and lift over 20 pounds." The ALJ concluded that appellant's condition enabled her to return to her past employment, which involved no walking.

Dr. Mauer's reports are the only medical evidence arguably in support of these findings. But Dr. Mauer expressed no opinion whether appellant was disabled, unlike the other doctors who each found that she was. The ALJ did note that Dr. Mauer had "indicated that [appellant] could sit 8 hours, stand 2 hours, lift and carry over 50 pounds, and bend and climb frequently", but he omitted Dr. Mauer's finding in the same report that appellant could walk "0" hours. Not only does this omission raise serious questions about the ALJ's findings that ap-

pellant can stand several hours and no longer suffers from a severe impairment, but the inconsistency also raises serious questions about the accuracy of Dr. Mauer's findings that appellant could lift and carry 50 pounds, and bend and climb frequently.

On this record, we conclude that neither the ALJ's implicit finding that appellant no longer suffers from a severe impairment, nor his explicit finding that she is now able to return to her work as a keypunch operator, is supported by substantial evidence. Aside from the patent inconsistencies in Dr. Mauer's original report, the contradiction in his answers to interrogatories, and the strong countervailing medical evidence, we cannot say on this record that someone who must rest for substantial periods of time after walking only one or two blocks is not severely impaired. Nor can we say, as the ALJ seems to have found, that plaintiff is able to transport herself daily to and from work so as to perform substantial and gainful employment. It is not our function on this appeal to determine the precise point when, or even if, an inability to walk short distances without rest would constitute a disability under the act. What is clear is that on this record the ALJ has insufficient evidence to establish appellant's ability to walk even short distances without rest, much less to support his findings that appellant was not severely impaired and was able to return to her previous employment.

Appellant also claims she is disabled by a depression-anxiety reaction to her foot impairment. Appellant had cried throughout her examination after Dr. Braaf asked why she wore panty hose rather than stockings to the examination. Accepting Dr. Braaf's suggestion that she obtain "further investigation along psychiatric lines", she consulted Dr. F. Maria Garcia, a psychiatrist, whose report she presented to the ALJ. In that report dated November 20, 1980, Dr. Garcia diagnosed appellant's condition as a "Depression-Anxiety Reaction", found her prognosis to be "guarded", and concluded that "this patient is totally disabled at the present time and unable to engage in any type of gainful employment."

The ALJ's finding that appellant is not disabled by her psychiatric condition was based on her demeanor at the hearing and her failure to testify as to any continuing psychiatric problem. Evidently, the ALJ disregarded the medical report of Dr. Garcia, and the concern of Dr. Braaf, in favor of his own observations during the hearing. While appellant invokes decisions that accord significant weight to the opinion of a treating physician, *see Eiden v. Secretary of H.E.W.*, 616 F.2d 63, 64 (2d Cir.1980), and cases cited therein, we do not rely on them, because it is not clear that Dr. Garcia would qualify here as a treating physician. Although we do not reject the possibility that on the basis of his own direct observations an ALJ may disregard an examining psychiatrist's diagnosis, nevertheless, before doing so the ALJ should make a more complete and revealing record than has been established here.

We therefore reverse the judgment of the district court and remand this action to the district court with instructions to remand to the Secretary for further consideration on both the claimed physical and psychiatric disabilities, with or without additional evidence as the Secretary may determine.

Reversed and remanded.